RAPPAPORT and another, Respondents, vs. RELIANCE SE-
CURITY COMPANY, Appellant.

*November 12, 1924—February 10, 1925.*

*Action: Election of remedies: Action for damages and one for
specific performance.*

> Purchasers of a city lot, after the vendor's alleged breach of the
> contract to convey, simultaneously brought an action for dam-
> ages and one for specific performance, and although they
> later notified the vendor that they would not accept the lot,
> they refused to dismiss the specific performance action or to
> discharge the *lis pendens,* and finally, dismissing both actions,
> began another action for damages. *Held,* that although the
> mere bringing of the equitable action is not considered to
> have constituted an election of remedies, under the peculiar
> facts of the case the vendees have waived their right to bring
> the present action for damages. p. 645.

APPEAL from a judgment of the circuit court for Mil-
waukee county: E. T. FAIRCHILD, Circuit Judge. *Reversed.*

*W. C. Seefeld* of Milwaukee, for the appellant.

For the respondents there was a brief by *Padway, Skol-
nik & Winnecour,* attorneys, and *Joseph A. Padway,* of
counsel, all of Milwaukee, and oral argument by *Mr. Pad-
way.*

The following opinion was filed December 9, 1924:

JONES, J.   The parties to this action entered into an agree-
ment on July 10, 1920, whereby the defendant agreed to
transfer a certain lot in the city of Milwaukee to the plaint-
iffs, who agreed to pay $100 to the defendant upon the en-
sealing of the contract, $2,400 upon the delivery of the war-
ranty deed for the lot, the delivery of the deed to be made
within thirty days, and the remaining portion of the price
of $7,500 to be covered by two mortgages for $4,000 and
$1,000 respectively, both payable in three years.   The plaint-
iffs paid the defendant $100 on July 10, 1920, and knew at
that time that the defendants did not then have the title to

the lot in question, but had a contract whereby the owners would transfer the title to them as soon as the estate of which the lot was a part was finally administered.

In August it seems that the plaintiffs offered the money in accordance with the terms of the contract, but the transfer was not made at that time. The plaintiffs give as the reason for this, the demand of the defendant that the second mortgage be made payable in instalments contrary to the terms of the contract. The defendant denies that such a demand was made and alleges that the reason the transaction was not then completed was that the plaintiffs' lawyer refused to advise on the title until the expiration of the time for the filing of claims against the estate of which the lot was a part; and further alleges that at this time it was agreed by all parties concerned that the time for the delivery of the deed should be extended to December 1, 1920. This last allegation is denied by the plaintiffs.

On September 16, 1920, the plaintiffs started an action at law for damages for the breach of the contract and also a suit in equity for specific performance. In October, the attorney for the defendant testifies, he went to the plaintiffs' lawyer and offered to comply with the terms of the contract, but that he received no answer on the offer until November 1, 1920, when the plaintiffs said that they did not want the property. The plaintiffs admit that this incident took place, but say that the offer was not to comply with the terms of the contract but with the other terms offered by the defendant in August. It appears from the record that the action at law was dismissed on June 14, 1921, and the suit in equity was dismissed on March 25, 1922. This present action at law for damages was started on June 3, 1921.

This action was tried before Judge BREIDENBACH in the civil court of Milwaukee county, who made the following findings of fact: That the parties entered into the agreement mentioned above; that the defendant refused to convey the title in August except upon terms materially different from

644    SUPREME COURT OF WISCONSIN.   [FEB.

those of the contract.  Judgment was rendered for the
plaintiffs for damages, and from this judgment the defend-
ant appealed to the circuit court, but that court affirmed the
judgment of the civil court.

The civil court held that the claim that the plaintiffs
waived their right to sue for damages for breach of contract
by commencing the suit for specific performance was unten-
able by reason of the fact that they commenced an action
for breach of contract at the same time, and that the evi-
dence did not warrant the conclusion that the plaintiffs in-
tended to make an election of remedies.  We are not called
on to decide whether the mere commencement of the two
suits on the same day would constitute an election of reme-
dies.  The plaintiffs kept alive their suit for specific per-
formance for eighteen months.  In the meantime they
brought another action and dismissed the first action for
damages.  After the thirty days limited by the contract for
its performance they continued negotiation concerning it,
thus waiving the strict time limit.  The plaintiffs knew when
the contract was made that the defendant did not then have
the title, which was in an estate for the settlement of which
time would be required.  In November after the contract
was executed the plaintiffs acquired other property and no-
tified the defendant that they would not accept the lot they
had agreed to buy.  This was undisputed, although there
was conflict in the testimony as to whether the defendant
claimed that there should be a change in the terms of one
of the mortgages.  Whatever were the reasons for the
plaintiffs' refusal to take the land, they considered them-
selves no longer bound by the contract to accept it.  When
the plaintiffs declared that they would not take the property
their counsel was asked to discharge the *lis pendens,* which
had been filed in the suit in equity, but he refused.  On the
contrary the plaintiffs continued to assert, by keeping alive
their suit for specific performance, their intention to hold
the defendant to the obligation to convey.  The refusal to

discharge the *lis pendens* had a tendency to hamper the defendant in making another sale. We can see no reason for bringing three actions for the assertion of their rights under the contract. Under the facts as found by the court they could have maintained either an action at law or a suit in equity.

It is urged by the plaintiffs' counsel that they found they had made a mistake in bringing the equitable action, but they knew the facts as to the title and there was no mistake. So far as appears there was a perfectly adequate remedy in equity, since in the suit for specific performance damages could have been awarded if there was a failure of title. We do not think that the remedy in equity was not available, as contended by the plaintiffs' counsel. The plaintiffs repudiated any obligation on their part to take the lot and at the same time continued the suit in equity and insisted on preserving the *lis pendens*. This conduct was wholly inconsistent, and when accompanied by bringing repeated actions was plainly detrimental to the defendant. No authorities have been cited applicable to the very unusual proceedings which we have recited, and we have found none. We do not hold that the mere bringing of the equitable action constituted an election of remedies, but we consider that under the peculiar facts of this case the plaintiffs waived their right to bring this action for damages.

*By the Court.*—Judgment reversed, and cause remanded to the circuit court with directions to dismiss the complaint.

A motion for a rehearing was denied, with $25 costs, on February 10, 1925.